UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERNEST RIVERS,

                    Petitioner,

— against —

IMMIGRATION, BROOKLYN D.A. OFFICE,
HOWARD CLARKE, MARIE DAILEY CLARKE
and P.O. ELVIS VASQUEZ,[1]

                    Respondents.
-----------------------------------------------------------X

**MEMORANDUM and ORDER**

07 CV 281 (SLT)(LB)

**TOWNES, United States District Judge:**

On November 27, 2006, *pro se* petitioner, Ernest Rivers, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ostensibly challenging his conviction in the Supreme Court of the State of New York, Kings County.[2] For the reasons set forth below, the Court dismisses the petition without prejudice as premature.

## BACKGROUND

Petitioner provides few details of the events leading to his incarceration at Rikers Island and his instant petition for a writ of habeas corpus. Although he indicates that the offenses involved are burglary in the third degree and criminal trespass in the second degree, he asserts that he has entered a plea of not guilty, and he has not been tried. The Petition, however, raises four grounds for relief: ineffective assistance of counsel; "conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled"; "conviction obtained

---

[1] The proper respondent in a habeas corpus petition is the officer having custody of the applicant. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Petitioner initially filed his action in the United States District Court for the Southern District of New York, which transferred the Petition to this Court. It was received in this Court on January 11, 2007.

by a violation of the evidence obtained pursuant to an unlawful arrest"; and denial of the right to appeal. As supporting evidence, Petitioner provides only non-consecutive pages from what appear to be transcripts of grand jury proceedings of March 16 and 17, 2006.

## DISCUSSION

In order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney General*, 696 F.2d 186, 190-92 (2d Cir. 1982).

In answer to question number six of the petition – "What kind of trial did you have?" – Petitioner wrote in and then checked the word "None." Although Petitioner uses the word "conviction" in grounds two and three of the petition, it is not clear whether his criminal case has ended in a conviction, whether he has appealed any conviction, or whether he has sought any post-conviction relief in the state courts. Accordingly, Petitioner has failed to make the necessary showing that he satisfied the exhaustion requirement of the habeas corpus statute. Consequently, the instant petition is premature.[3]

---

[3] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review. That limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(continued...)

2

Additionally, if Petitioner's criminal case is still pending, this action is barred by the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court ruled that principles of comity and federalism require federal courts to abstain from exercising jurisdiction when (1) there is an ongoing state criminal proceeding, (2) the federal claim raises important state interests, and (3) the state proceeding provides an adequate opportunity to raise the constitutional claims. *Id.; accord Schlager v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999); *Williams v. Horn*, No. 06-CV-3068 (BMC), 2006 WL 2333874, *1 (E.D.N.Y. Aug. 9, 2006). If, as Petitioner suggests, there is an ongoing state criminal action, this Court must abstain from exercising jurisdiction.

---

[3](...continued)

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1). The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward any period of limitation under this subsection. 28 U.S.C. § 2244 (d).

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice as premature.[4] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (if it plainly appears from the face of the petition that petitioner is not entitled to relief, the judge must dismiss the petition). A certificate of appealability shall not issue as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 2, 2007

SANDRA L. TOWNES
United States District Judge

---

[4] Petitioner is further advised that a future petition would not be "second or successive." A state petitioner whose first petition is dismissed without prejudice for failure to exhaust state remedies may bring a new petition based on the exhausted claim. *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996) (per curiam) ("[A]pplication of the gatekeeping provisions to deny a resubmitted petition . . . would conflict with the doctrine of writ abuse.").

4